UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In re SUEANN M. SMITH,

             Debtor.

------------------------------------------------------------------
JEFFREY H. SCHWARTZ,

             Appellant,

   -against-

ROBERT L. GELTZER,
*Chapter 7 Trustee*

             Appellee.

------------------------------------------------------------------ X

06 CV 1149 (ARR)

Chapter 7
Bankruptcy Case
No. 04-16320-608

<u>NOT FOR ELECTRONIC
OR PRINT
PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

  Appellant, Jeffrey H. Schwartz, appeals from a final order of the United States Bankruptcy Court for the Eastern District of New York (Honorable Carla E. Craig) signed on January 17, 2006, removing Mr. Schwartz as Special Personal Injury Counsel to the Trustee, Appellee, Robert L. Geltzer, and directing Mr. Schwartz and Robert M. Ginsberg to turn over to the Trustee all files related to the Debtor Sueann M. Smith's personal injury action. For the reasons below, Judge Craig's order is affirmed.

## BACKGROUND

  The bankruptcy case from which this appeal is taken was filed in the U.S. Bankruptcy Court for the Eastern District of New York on April 29, 2004. U.S. Bankruptcy Court, E.D.N.Y. Docket for <u>In re Sueann M. Smith</u>, No. 04-16320 (CEC) (hereinafter, "Bankr. Docket"), #1.

  On October 26, 2004, Robert L. Geltzer, the Chapter 7 Trustee of the Debtor, filed an "Application to Retain Special Personal Injury Counsel to Trustee," asking the bankruptcy court

1

for an order authorizing him to employ and retain Jeffrey H. Schwartz, Esq., as Special Personal Injury Counsel; this application was granted on October 26, 2004. Id. at #11-12. Mr. Schwartz was retained to handle a personal injury action to recover damages for injuries Debtor sustained while sledding on snow. Id. at #11, ¶ 12.

On November 2, 2005, the Trustee filed with the bankruptcy court a motion entitled "Motion to Turnover/Surrender Personal Injury File of the Debtor and to Remove Jeffrey H. Schwartz, Esq., Special Personal Injury Counsel to the Trustee." Id. at #13. An "Affirmation in Opposition" was subsequently filed and entered on December 6, 2005. Id. at #14. On December 7, 2005, Bankruptcy Judge Carla E. Craig held a hearing on this motion and reserved judgment at that time. Id., unnumbered entry dated 12/7/05; Hr'g Tr. Part 2 p. 11.

On December 29, 2005, Judge Craig issued a written decision granting the Trustee's November 2, 2005 motion. Bankr. Docket #17 (hereinafter "EBNY Dec."). Accordingly, on January 17, 2006, Judge Craig signed an Order removing Mr. Schwartz as Special Personal Injury Counsel to the Trustee and directing Mr. Schwartz and Mr. Ginsberg to turn over to the Trustee all files related to the Debtor's personal injury action. Id. at #19. Schwartz timely filed a notice of appeal from this order, arguing that the Bankruptcy Court erred in granting the Trustee's motion.[1]

## DISCUSSION

I.  <u>Standard of Review</u>

On appeal, a district court reviews a bankruptcy court's conclusions of law de novo.

---

[1] This court considered the timeliness of Schwartz's appeal and, in a separate opinion, concluded that it was timely filed.

Asbestosis Claimants v. United States Lines Reorganization Trust (In re United States Lines, Inc.), 318 F.3d 432, 435 (2d Cir. 2003). Findings of fact made by a bankruptcy court may not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). "Mixed questions of law and fact are reviewed de novo." In re Hirsch, 339 B.R. 18, 24 (E.D.N.Y. 2006). Orders "involving decisions relating to the retention of counsel [are] reviewed for an abuse of discretion." In re Kurtzman, 220 B.R. 538, 540 (S.D.N.Y. 1998).

II.  The Bankruptcy Court's Discretion on the Retention of Counsel and Deference to the Trustee's Selection

When evaluating the retention of special counsel, "a bankruptcy court 'should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention before making a decision.'" In re AroChem Corp., 176 F.3d 610, 621 (2d Cir. 1999) (quoting 3 Lawrence P. King, et al., Collier on Bankruptcy, ¶ 327.04[1] [a]). "Relevant considerations are 'the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding.'" In re Vouzianas, 259 F.3d 103, 107 (quoting AroChem, 176 F.3d at 621); see also Lite Ray Realty Corp. v. Bernstein, 2001 WL 1223484, *1 (S.D.N.Y. Oct. 15, 2001) ("The bankruptcy judge . . . must evaluate the entire circumstances of an attorney's appointment and its effect on the debtor's estate.").

As Appellant concedes, Br. 12., "courts normally will not interfere with" the trustee's choice of special counsel. In re Vouzianas, 259 F.3d 103, 107-08 (2d Cir. 2001). Because of the

3

"highly confidential" relationship between trustee and special counsel, "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, and reasons which make it for the best interest of the estate to have the court select the attorney over the trustee's objection should appear in the record." In re Mandell, 69 F.2d 830, 831 (2d Cir. 1934).

After considering the Trustee's motion and opposition papers filed by Mr. Ginsberg, as well as holding a hearing on the matter, the bankruptcy court concluded "that the trustee's dissatisfaction with Mr. Schwartz is well founded," citing several "legitimate complaints about Mr. Schwartz's performance as counsel for the estate." EBNY Dec. 1. The bankruptcy court discussed *inter alia* Appellant's delay in "amend[ing] the caption in state court to reflect the trustee as the plaintiff in the action," EBNY Dec. 1-2., and Mr. Ginsberg's collaboration with Appellant, including Mr. Ginsberg's work on the personal injury action "even though he had not been retained and had no authority to act" and Mr. Ginsberg's proposed fee-splitting arrangement. EBNY Dec. 2-4.

III. Appellant's Objections to the Bankruptcy Court's Decision

Appellant has failed to demonstrate that the bankruptcy court abused its discretion or erred in any way in granting the Trustee's motion.

Appellant argues that its delay in amending the caption "was clearly not a valid reason for discharging the Appellant." Appellant Br. 13. Appellant, however, does not dispute the bankruptcy court's factual finding that he "delayed at least six months after the order approving his retention was entered by this Court." EBNY Dec. 1. The bankruptcy court correctly concluded that this delay posed "a serious problem." Id. The bankruptcy court's reliance on this delay as a factor for granting the motion was not an abuse of discretion.

4

Appellant next argues that the bankruptcy court's consideration of Mr. Ginsberg's involvement in the case did not sufficiently credit Appellant's explanations. Appellant Br. 13-14. In its decision, the bankruptcy court reviewed the correspondence among Mr. Ginsberg, Mr. Schwartz, and the Trustee and determined that Mr. Ginsberg's involvement posed "a legitimate and substantial concern." EBNY Dec. 3. The bankruptcy court further noted that Mr. Ginsberg had proposed to Mr. Schwartz a fee-splitting agreement in apparent contravention of the Bankruptcy Code and New York's Disciplinary Rules in the Code of Professional Responsibility. EBNY Dec. 4 (citing 11 U.S.C. § 504(a) (2005); 22 N.Y.C.R.R. § 1200.12(a).

Having reviewed the record and considered Appellant's arguments at the December 7, 2006 hearing, the bankruptcy court's determination that the Trustee's arguments for removal outweigh Appellant's explanations falls well within the court's proper exercise of its discretion.

Appellant further argues that the bankruptcy court did not properly consider the interests of the Debtor and erroneously concluded, without holding a hearing, that the Debtor's affidavit–declaring a preference for Appellant's retention–did not state her own views. Appellant Br. 14; Appellant Reply Br. 14.

In its opinion, the bankruptcy court discredited the Debtor's preference on the grounds that "the chances of a surplus [from the personal injury action] are uncertain at best" and that the Debtor's affidavit "may reasonably be viewed as [Mr. Ginsberg's] own self-serving statement for his benefit." EBNY Dec. 6.

Even assuming that the bankruptcy court's factual determinations concerning the Debtor's preference should be set aside as clearly erroneous, see Fed. R. Bankr. P. 8013, it was not an abuse of discretion for the bankruptcy court to order the removal of Appellant over

5

Debtor's objection. "While the debtor's choice of counsel is entitled to respect, particularly when efficiencies exist due to an attorney's acquaintance with a debtor's affairs or complicated litigation, the [b]ankruptcy judge should evaluate all the circumstances affecting the debtor's estate before making an appointment." Lite Ray Realty Corp. v. Bernstein, 2001 WL 1223484, *1 (S.D.N.Y. Oct. 15, 2001) (holding that bankruptcy court did not abuse its discretion in rejecting debtor's selection of counsel).

The bankruptcy court properly considered all the circumstances in this case and concluded that, "even if her [Debtor's] preference were considered," the reasons against retaining Mr. Schwartz and Mr. Ginsberg outweighed the Debtor's preference. EBNY Dec. 6. The bankruptcy court did not abuse its discretion in reaching this conclusion.

Appellant next argues that the bankruptcy court was improperly "influenced by the unsworn allegation" that Mr. Ginsberg asked the Trustee's attorney during a break in the December 7, 2006, hearing, "Is there anything I can do to sweeten the pot?" Appellant Br. 14-15; Hr'g Tr. Part 2 p. 3. Appellant claims that the bankruptcy court erroneously credited this allegation and erred by not holding an evidentiary hearing to enable Appellant to cross-examine the Trustee's attorney. Appellant Br. 14-15; Appellant Reply Br. 12 & n.8.

In its decision, the bankruptcy court held that "this comment is an additional reason why the trustee is amply justified in refusing to retain him." EBNY Dec. 5. Judge Craig was in a position to evaluate the credibility of the Trustee's attorney and Mr. Ginsberg as they argued before her at the hearing and her credibility determinations are entitled to great deference. See Fed. R. Bankr. P. 8013.

Even if Appellant is right that the bankruptcy court should have done more to investigate

whether Mr. Ginsberg actually made the comment, the bankruptcy court's decision makes clear that it would have reached the same result if it had determined that Mr. Ginsberg made no such comment. The bankruptcy court discussed the "sweeten the pot" allegation only after concluding that the trustee's motion "is overwhelmingly supported by this record." EBNY Dec. 5. Moreover, the bankruptcy court acknowledged Mr. Ginsberg's vigorous denial and treated the alleged comment merely as "an *additional* reason" supporting the motion. EBNY Dec. 5 (emphasis added).

Furthermore, Appellant has not demonstrated that the bankruptcy court erred in its conclusion that this was not one of those "rarest cases" justifying the rejection of the Trustee's selection of counsel. Cf. In re Vouzianas, 259 F.3d 103, 106-08 (2d Cir. 2001) (finding "novel circumstances" warranting rejection of trustee's preference in favor of debtor's preference where trustee had failed "to support his request for a change in counsel"; debtor had a pre-petition relationship with selected counsel; selected counsel had been actively involved with personal injury action for four or five years; and there was no evidence that selected counsel was "incompetent for any reason").

## CONCLUSION

This court concludes that the bankruptcy court neither committed any clear error in its determination of the facts nor abused its discretion in deciding that removal would be in the best interest of the estate.

For the foregoing reasons, the January 17, 2006 order of the bankruptcy court is affirmed in all respects.

SO ORDERED.

                                               /s/
                                     Allyne R. Ross
                                     United States District Judge

Dated: August 24, 2006
       Brooklyn, New York

**SERVICE LIST:**

### Appellant
Jeffrey H. Schwartz
225 Broadway, Suite 605
New York, NY 10007

### Appellant's Attorney
Alvin H. Broome
Ginsberg & Broome, P.C.
225 Broadway
New York, NY 10007

### Appellee
Robert L. Geltzer
Law Offices of Robert L.Geltzer
1556 Third Avenue
New York, NY 10128

### Appellee's Attorney
Robert A. Wolf
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104

cc:   Honorable Carla E. Craig, U.S. Bankruptcy Court E.D.N.Y.